UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KENNER FITZGERALD JACKSON                CIVIL ACTION NO. 10-cv-1918

VERSUS                                   JUDGE STAGG

SCOTT ROBERT WOLF, ET AL                 MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Kenner Jackson ("Plaintiff") is a prisoner now housed at the United States Penitentiary in Pollock, Louisiana. He was once housed at the City of Faith Halfway House in Shreveport. He filed a civil action in this court against several officials at the Halfway House. Plaintiff, who states that he is black, alleges that he was disciplined more harshly for misconduct than a white resident who violated the same rules and that the discipline prevented him from gaining employment. Plaintiff also complained of denial of permission to visit a law library to conduct research regarding Florida litigation, denial of the ability to visit a doctor for an unspecified condition, denial of a visit to a dentist for unspecified care, denial of the purchase of personal hygiene articles, and other similar denials. Plaintiff alleged that each of these denials were based on racial discrimination, and he prayed for several billion dollars in damages. See Kenner Jackson v. Kathy Biedenharn, et al, 08-cv-0422 (W.D. La.).

Attorneys Mike Adams and Scott Wolf of Blanchard, Walker, O'Quin & Roberts represented the defendants in the case. They filed a motion for summary judgment that was

supported by documents, including the affidavit of Lacy Johnston, the facility director of the City of Faith home. Ms. Johnston testified that Plaintiff violated numerous Bureau of Prisons regulations while at the home, and those violations were the sole reason Plaintiff was not allowed to leave the Halfway House for work or other reasons. Judge Walter granted the motion for summary judgment and dismissed Plaintiff's complaint. Plaintiff's appeal is pending before the Fifth Circuit Court of Appeals as Case No. 10-30909.

With the appeal of the original case pending, Plaintiff filed this civil action that names as defendants attorneys Mike Adams and Scott Wolf, along with their law firm. Plaintiff alleges that the attorneys and their firm conspired and agreed to prepare a false affidavit by Ms. Johnston to support the motion for summary judgment in the original action. Plaintiff alleges that Johnston's testimony that he committed numerous violations of Bureau of Prisons regulations is knowing perjury, which resulted in a violation of his rights under the Fourteenth Amendment, Louisiana Constitution, and federal laws including those in Title 18 that make perjury a crime. Plaintiff prays that each defendant be ordered to pay him one billion dollars in compensatory damages and one billion dollars in punitive damages.

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous, malicious or fails to state a claim on which relief may be granted. The court may also dismiss an action on its own motion as long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair because this

Report and Recommendation provides Plaintiff with sufficient notice of, and opportunity to respond to, the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

Plaintiff's complaint relies upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff cites, in support of the claims noted above, federal statutes that define crimes that the United States Attorney may choose to prosecute a person for in a criminal proceeding. But "federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." Doyon v. U.S., 2008 WL 2626837, *4 (W.D. Tex. 2008); Williams v. Cintas Corp., 207 WL 1295802, *2 (N.D. Tex. 2007) (same); and Ivey v. National Treasury Employees Union, 2007 WL 915229 *5 (D.D.C. 2007) ("There is no private right of action to enforce provisions of criminal law, and only a federal prosecutor may determine whether to pursue a criminal action.").

It is also the general rule that "no civil action lies for damages resulting from false statements under oath constituting perjury or subornation of false testimony." 60A Am. Jur. 2d § 104. "Thus, no action for damages lies for false testimony in a civil suit whereby the litigant fails to recover a judgment, or a judgment is rendered against him." Id. See also Testimony of Witness as Basis of Civil Action for Damages, 54 A.L.R 2d 1298 § 7 ("It has been held that no civil redress lies against witnesses in previous litigation by reason of their perjury, conspiracy to commit perjury, or subornation of perjury."). Based on these rules, this court recently dismissed a similar complaint that alleged defense counsel knowingly filed,

in a prior case, a false affidavit in support of a motion for summary judgment. Smith-Ealy v. Loe, 2010 WL 65032 (W.D. La. 2010).

Plaintiff invokes the Fifth and Fourteenth Amendments to the U.S. Constitution, but he does not specify how those provisions were allegedly violated. Those amendments apply to actions by the government and governmental actors, and violations may give rise to a claim under Bivens or 42 U.S.C. § 1983. Plaintiff does not specifically invoke those claims, but they would not apply because a private attorney is not a state or federal actor against whom such a constitutional claim could be pursued. Mills v. Criminal District Court, 837 F.2d 677, 679 (5th Cir. 1988) (defense counsel in state case not a state actor for purposes of Section 1983); Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir.2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor.").

There are public policy reasons for the rule that a losing plaintiff in a civil action may not file another suit for damages based on alleged false statements in the first case. They include the need to encourage witnesses to speak freely without fear of civil liability, that perjury is a public offense and subject only to the criminal law, the need for finality in judgments, and the avoidance of multiplicity of suits by parties who are unhappy with the outcome of litigation. Those reasons are applicable here. Plaintiff has not stated a claim upon which relief may be granted, and the court should dismiss this complaint without requiring the named defendants to respond. Plaintiff must seek his remedy within the context

of the case in which he alleges the perjury occurred. His pending appeal permits that opportunity.

Accordingly,

**IT IS RECOMMENDED** that the complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted and pursuant to 28 U.S.C. § 1915(e)(2). The complaint should also be deemed frivolous, pursuant to 28 U.S.C. § 1915A(b), so that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of January, 2011.

                                                      MARK L. HORNSBY
                                                     UNITED STATES MAGISTRATE JUDGE